IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | Case No. 13-03054-13-CR-S-BP |
| **PHILIP DELGROSSO**, | |
| Defendant. | |

### *GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (D.E.898)*

**COMES NOW** the United States of America, by and through the United States Attorney for the Western District of Missouri, and the undersigned Assistant United States Attorney, and files this response to defendant Philip Delgrosso's request for early termination of supervised release. For the reasons expressed by the United States Probation Office's Response to the Early Termination Request (D.E. 901), and those stated below, the United States does not believe that it is appropriate for the Court to terminate early the defendant's supervised release at this time.

The District Court, under 18 U.S.C. § 3583(e)(1), may terminate a term of supervised release at any time after the defendant has served one year of supervised release. The statute directs the Court account for a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety

1

and deterrence. These are largely the same considerations the Court must assess when imposing the original sentence. After weighing these factors, the Court may discharge a defendant from supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1). The statute confers broad discretion upon this Court. *See United States v. Mosby*, 719 F.3d 925, 930-31 (8th Cir. 2013); *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

The defendant has only completed approximately 24 months of his 60-month term of supervised release. The defendant has already made one request to terminate his supervised release, which this Court denied by written order on August 12, 2024. (D.E. 888). There are no changed circumstances between August 2024 and March 2025 that require this Court to reconsider termination.

This Court should not exercise its discretion to terminate supervised release solely because a defendant had complied with the terms of supervision, especially where the defendant has only served approximately 40 percent of the term of supervised release. One of the purposes of supervised release is to provide rehabilitation and oversight of the offender to deter their return to crime. Even "[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. McKay*, 352 F.Supp.2d 359, 361 (E.D.N.Y. 2005); *United States v. Weintraub*, 371 F.Supp.2d 164, 167 (D.Conn. 2005) (noting that "[a]lthough [the defendant's] ongoing and

full compliance with all conditions of supervised release, including payment of the fine and restitution, is commendable, in the end that is what is required to all criminal defendants and is not a basis for early termination of his supervised release"); *United States v. Caruso*, 241 F.Supp.2d 466, 469 (D.N.J. 2003) (ruling that "mere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination").

The defendant alleges that he has done that which was required by this Court's order of supervised release, nothing more. This does not justify early termination of a supervised release term.

Supervised release is part of the penalty for the initial offense. *United States v. Wilson*, 939 F.3d 929, 931–32 (8th Cir. 2019). Further, allowing the defendant to complete his supervised release will give him the help and direction that supervision provides to assist in the rehabilitation of a defendant to society. *United States v. Johnson*, 529 U.S. 53, 59 (2000) (a "primary goal of supervised release is to ease the defendant's transition into the community after the service of a long prison term ... or to provide rehabilitation to a defendant who ... still needs supervision and training programs after release" (citation and brackets omitted)). The danger of recidivism is always present, and the defendant's results while on supervision may be attributable to the services, counseling, and monitoring that has occurred on supervised release.

In conclusion, for the reasons expressed above, the government opposes the defendant's request for early termination of supervised release.

Respectfully submitted
JEFFREY P. RAY

Acting United States Attorney
Western District of Missouri

By   /s/ Randall D. Eggert

Randall D. Eggert #39404
Supervisory Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case. A copy has also been sent, U.S. mail, postage prepaid, to the following address:

Philip Delgrosso
General Delivery
Hollister, MO   65673

>  */s/ Randall D. Eggert*
>  Randall D. Eggert
>  Assistant United States Attorney

5

Case 6:13-cr-03054-BP    Document 902    Filed 03/25/25    Page 5 of 5